**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHARLES YORK, #316476

       Petitioner,

                         Case No. 2:08-CV-10713
                         Honorable Marianne O. Battani
                         Magistrate Judge Donald A. Scheer

BRUCE CURTIS,

       Respondent.
_____/

**OPINION AND ORDER TRANSFERRING**
**CASE TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT**
**PURSUANT TO 28 U.S.C. §2244(b)(3)(A)**

Petitioner, Charles York, filed a *pro se* application for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner is a state inmate currently incarcerated at Cooper Street Correctional Facility in Jackson, Michigan. Petitioner challenges his convictions for first-degree criminal sexual conduct Mich. Comp. Laws §750.520b(1)(a), and four counts second-degree criminal sexual conduct, Mich. Comp. Laws §750.520c(1)(a). Pending before the Court is Respondent's "Motion to Transfer Petition for Writ of Habeas Corpus to the United States Sixth Circuit Court of Appeals." For the reasons stated below, the Court will transfer the matter to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. §2244(b)(3)(A) for authorization to file a second or successive habeas petition.

**I. BACKGROUND**

On September 1, 2003[1], Petitioner filed a habeas corpus petition in this District before Judge George Caram Steeh. The habeas petition was dismissed with prejudice on March 31, 2005 on the merits. See *York v. Cason,* No. 03-CV-73673 (E.D. Mich. March 31, 2005). Petitioner sought an appeal with The United States Court of Appeals for the Sixth Circuit on April 14, 2005. The Sixth Circuit stated as follows:

> York's notice of appeal is construed as a request for a certificate of appealability pursuant to Fed. R. App. P. 22(b).
>
> * * *
>
> York has the burden of demonstrating that reasonable jurists would find the district court's assessment of his constitutional claim debatable or wrong. *Miller-El v. Cockrell,* 537 U.S. 322, 336(2003). Upon review, the court denies York a certificate of appealability as York has not satisfied his burden under *Miller-El.*

*York v. Cason,* No: 05-1617, (6th Cir. January 24, 2006).

Petitioner then returned to the state trial court where he filed a motion for relief from judgment, which was denied. (Pet. Attach., dated 12/20/06). Petitioner filed an application for leave to appeal with the Michigan Court of Appeals wherein his appeal was denied. *People v. York,* No. 276360 (Mich. Ct. App. June 12, 2007)(unpublished order). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, but his application was rejected because it was untimely. On September 8, 2008, Petitioner filed the pending habeas corpus petition.

---

[1] Under the prison mailbox rule, the Court will assume that Petitioner actually filed his habeas petition on September 1, 2003, the date that it was signed and dated. See *Neal v. Bock,* 137 F.Supp.2d 879, 882, n.1 (E.D. Mich. 2001).

## II. DISCUSSION

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. §2244(b)(3)(A); *In re Wilson,* 142 F.3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer,* 36 F.Supp.2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the fling of a second or successive petition, a district court in the Sixth Circuit Court must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; see also *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin,* 518 U.S. 651, 664 (1996).

In the present case, Petitioner has previously filed a habeas petition with the federal courts challenging the same conviction as that which is presently being challenged in this Court. Although Petitioner would not have been required to obtain a certificate of authorization following the dismissal of this petition if it had been dismissed without prejudice on exhaustion grounds, see *Harris v. Stovall,* 22 F.Supp.2d 659, 664 (E.D. Mich. 1998), Petitioner's prior habeas petition was dismissed with prejudice on the merits. Petitioner's current habeas petition is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization.

The Court acknowledges that Petitioner sought permission from the Sixth Circuit

3

Court of Appeals to file a second or successive habeas petition, but his application was dismissed for want of prosecution on February 19, 2009. *In re: Charles York,* No: 08-2560 (6th Cir. February 19, 2009). The Sixth Circuit further stated that "[e]ven if the default is subsequently cured, the application will not be restored to the court's active docket." *Id.* Therefore, it would appear that any transfer of this matter would be moot. However, because this is a second or successive petition, and there has been no determination by the Sixth Circuit about whether Petitioner is eligible to file a second or successive petition, it would be error for this Court to dismiss the petition, rather than transfer it to the Sixth Circuit. *Corrao v. United States,* 152 F.3d 188, 190-91 (2nd Cir. 1998). To dismiss this case in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gate keeping provisions. *Id.*

### III.  CONCLUSION

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. §2244(b)(3)(A).

Accordingly,

IT IS ORDERED that Respondent's "Motion to Transfer Petition for Writ of Habeas Corpus to the United States Sixth Circuit Court of Appeals" [Dkt. #5] is **GRANTED**.

IT IS FURTHER ORDERED that the Clerk of the Court **TRANSFER** this case to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. §1631 and *In re Sims,* 111 F. 3d at 47.

s/Marianne O. Battani
HONORABLE MARIANNE O. BATTANI
UNITED STATES DISTRICT COURT

Dated: March 20, 2009

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record.

s/Bernadette M. Thebolt
Case Manager